UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL G. CUMMINGS,   CASE NO. 01-2050-CIV-KING

   Plaintiff,

v.

UNUMPROVIDENT CORPORATION and
UNUM LIFE INSURANCE
COMPANY OF AMERICA,

   Defendants.
_____/



FILED by VK D.C.
JUL 17 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Second Amended Complaint filed April 26, 2002. Plaintiff filed a Response on May 13, 2002. Defendant filed a Reply on May 17, 2002.

At issue in this case is whether the long term disability policy at issue in this case is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Specifically, whether the policy comes under the church plan exception to ERISA coverage, 29 U.S.C. § 1003(b)(2). On May 20, 2002, the Court allowed Baptist Health South Florida, Inc. ("Baptist Health"), the plan sponsor, to intervene in this action for the limited purpose of litigating this issue. On May 31, 2002, Baptist Health filed its Corrected Motion to Dismiss addressing this issue. Plaintiff filed a Response to Baptist's motion on June 18, 2002. Baptist Health filed a Reply on July 3, 2002.

At the outset, the Court must address Plaintiff's argument that the church plan issue is not properly brought up in a motion to dismiss context. The Court finds that it is proper to address

whether or not Plaintiff's action is preempted by ERISA at this juncture. The determination of this issue touches both upon the jurisdiction of the Court, *see Friend v. Ancillia Sys. Inc.*, 68 F. Supp. 2d 969 (1999), and upon whether Plaintiff has set forth valid causes of action, *see Rocco v. New York State Teamsters Conf. Pens. and Ret. Fund*, 281 F.3d 62, 72 (2d Cir. 2002).

ERISA is a remedial statute designed to protect the interests of plan participants and beneficiaries. *See Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir. 1989). As such, it is well established that exemptions from ERISA's coverage should be narrowly construed. *See, e.g., id.* at 933 ("ERISA is clearly a statute of general application, one that envisions inclusion within its ambit as the norm."); S. Rep. No. 93-127 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4838, 4854 ("It is intended that coverage under the Act be construed liberally to provide the maximum degree of protection to working men and women covered by private retirement programs. Conversely, exemptions should be confined to their narrow purpose.").

Church plans are exempted from ERISA's coverage. 29 U.S.C. § 1003(b)(2). ERISA defines a church plan as "a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A). This definition includes plans "maintained by an organization, whether a civil law corporation or otherwise, . . . if such organization is controlled by or associated with a church or a convention or association of churches." 29 U.S.C. § 1002(33)(C)(i). The term 'church plan' does <u>not</u> include a plan in which "less than substantially all of the individuals included in the plan are [employees of a church or a convention or association of churches] (or their beneficiaries)." 29 U.S.C. § 1002(33)(B)(ii).

2

Baptist Health has always considered its benefit plans to be governed by ERISA, and has complied with ERISA's requirements. (Shirk Aff. ¶ 13; Ray Aff. ¶ 24.) Baptist Health has distributed to its employees plan summaries advising them of their rights under ERISA. Courts have found that this militates in favor of finding coverage under ERISA. *See, e.g., Duckett v. Blue Cross and Blue Shield*, 75 F. Supp. 2d 1310, 1317 (M.D. Ala. 1999) ("In light of the fact that Baptist Health has assured its employees that they are protected under ERISA, the court in ruling 'should affirm the expectations those assurances created.'" (quoting *McMahon v. Digital Equip. Corp.*, 998 F. Supp. 62, 68 (D. Mass.1998), *aff'd*, 162 F.3d 28 (1st Cir.1998)).

Baptist Health maintains a relationship with the Miami Baptist Association (the "Association"), an affiliation of Baptist churches in Miami-Dade County. Baptist Health is governed by a Board of Trustees. (Cancio Aff. Ex. C., Baptist Health's Articles of Incorporation art. IV.) The Association has the right to appoint six of the seventeen to twenty-seven Trustees that compose the Board. *Id.* at art. IV. The Association also has the right to veto certain amendments to Baptist Health's Articles of Incorporation. *Id.* at art. XIII.

The Court finds that though the Association does actively participate in Baptist Health's governance, the Association does not control Baptist Health within the meaning of ERISA. *Cf.* 26 C.F.R. § 1.414(e)-1(d)(2) (2002) ("For example, an organization, a *majority* of whose officers or directors are appointed by a church's governing board or by officials of a church, is controlled by a church within the meaning of this paragraph." (emphasis added)). Therefore, the Court must consider whether Baptist Health is associated with a church.

To be associated with a church, Baptist Health must share "common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C. §

3

1002(33)(C)(iv). The Fourth Circuit has identified three factors for primary consideration in determining whether an organization shares such common bonds and convictions with a church: (1) whether the church plays an official role in the governance of the organization; (2) whether the organization receives assistance from the church; and (3) whether a denominational requirement exists for any employee or patient/customer of the organization. *Lown v. Continental Cas. Co.*, 238 F.3d 543, 548 (4th Cir. 2001).

As discussed above, the Association plays an official and significant role in Baptist Health's governance by appointing Trustees to the Board. This is the only factor, however, that weighs in favor of finding an association between Baptist Health and the Association under ERISA. Baptist Health has never received any financial support from the Association. (Ray Aff. ¶ 8.) Baptist Health does not have any religious or denominational requirements for its employees or patients. "Perhaps most importantly for this third prong of the inquiry," *Lown*, 238 F.3d at 548, Baptist Health provides pastoral care services at its subsidiary hospitals for various religious faiths and denominations, including Catholic masses and Jewish holy day services, and Baptist Health's pastoral staff includes a Jewish Rabbi and Roman Catholic priests. (Ray Aff. ¶ 21.) Therefore, in keeping with the Congressional mandate to construe exemptions to ERISA coverage narrowly, the Court finds that Baptist Health does not so closely share common religious bonds and convictions with the Association so as to bring it within the purview of the church plan exemption to ERISA coverage.

Further, even if Baptist Health was associated with a church, its benefit plans would still be covered by ERISA because "less than substantially all" of the individuals included in their benefit plans are employees of a church. 29 U.S.C. § 1002(33)(B)(ii). A substantial number of individuals included in Baptist Health's plans (over 3,000) are employed by subsidiaries of Baptist Health that

4

have no affiliation with any religion, including a for-profit hospital. (Cancio Aff. ¶ 4.) This represents over 35% of all plan participants. Because of the substantial number of plan participants that are not employees of a church or church affiliate, Baptist Health's plans are covered under ERISA. 29 U.S.C. § 1002(33)(B)(ii).

Plaintiff's Second Amended Complaint contains only state law claims. These claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a). Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss Second Amended Complaint be, and the same is hereby, GRANTED. Plaintiff's Second Amended Complaint is DISMISSED. Any pending motions are denied as moot. Should Plaintiff elect to pursue his claim, he shall have until July 31, 2002, to file a Third Amended Complaint under ERISA.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 17th day of July, 2002.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: John J. Spiegel, Esq.
JOHN J. SPIEGEL, P.A.
700 Concord Building
66 West Flagler Street
Miami, FL 33130

John T. Kolinski, Esq.
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, FL 33131

Robert T. Kofman, Esq.
Susan J. Toepfer, Esq.
STEARNS WEAVER et al.
150 West Flagler Street
Miami, Florida 33130
*Counsel for Intervenor*